Longitude-Latitude (Rev. 4/10)
F. #2011R0670, 2011R00641        ′ ⁊ - 308

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -    x
                                        :
IN THE MATTER OF AN APPLICATION OF THE  :
UNITED STATES OF AMERICA FOR AN ORDER   :    AFFIDAVIT IN SUPPORT
AUTHORIZING THE INSTALLATION, USE,      :    OF APPLICATION
MONITORING, REPAIR, REPLACEMENT AND     :
REMOVAL OF ONE MOBILE GPS TRACKING      :
DEVICE IN OR ON A DARK BLUE  2006       :
RANGE ROVER LAND ROVER, VEHICLE         :
IDENTIFICATION NUMBER                   :
DVESALMF15426A207499, BEARING NEW YORK  :
LICENSE PLATE NUMBER FLW7474 AND        :
REGISTERED TO SHANDA V. JOHNSON, 919    :
MYRTLE AVENUE, BROOKLYN, NEW YORK       :
                                        :
- - - - - - - - - - - - - - - - - -    :
                                        x

EASTERN DISTRICT OF NEW YORK, SS:

        1.    I am a "federal law enforcement officer" within

the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C),

that is, a government agent engaged in enforcing the criminal

laws and duly authorized by the Attorney General to request a

search warrant.   I have been a Federal Bureau of Investigation

("FBI") agent for approximately 10 years.   I have participated in

many investigations of narcotics trafficking and related violent

crimes, including Hobbs Act robberies, and, among other things,

have conducted or participated in surveillances, the execution of

search warrants, debriefings of informants and reviews of taped

conversations.

2.    I submit this affidavit in support of an
application for an order pursuant to Federal Rule of Criminal
Procedure 41(b), Title 18, United States Code, Section 3117, and
Title 28, United States Code, Section 1651, authorizing the
installation of one Global Positioning System ("GPS") mobile
tracking device by trained technicians, or authorized
representatives of the of the FBI in or on a dark blue 2006 Range
Rover Land Rover, Vehicle Identification Number
DVESALMF15426A207499, bearing New York License Plate Number
FLW7474 and registered to Shanda V. Johnson, 919 Myrtle Avenue,
Brooklyn, New York (the "SUBJECT VEHICLE"), currently located in
the Eastern District of New York, in order to monitor the
movement of the SUBJECT VEHICLE (the "REQUESTED INFORMATION"),
for a period of forty-five (45) days.  On April 21, 2011, the
Honorable Lois Bloom signed an order authorizing a GPS on the
SUBJECT VEHICLE.  Since that time, FBI agents have been unable to
locate the vehicle, and, therefore, I submit this revised
affidavit in support of an application for a new order.

3.    I have personally participated in the
investigation set forth below.  I am familiar with the facts and
circumstances of the investigation through my personal
participation; from discussions with other law enforcement
officers; from my discussions with witnesses involved in the
investigation; and from my review of records and reports relating

to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. Since this affidavit is being submitted for the limited purpose of securing an order authorizing the installation of a GPS mobile tracking device, I have not included details of every aspect of the investigation.

4.     Probable cause exists to believe that the REQUESTED INFORMATION will constitute or lead to evidence of offenses involving narcotics trafficking and Hobbs Act robberies, in violation of in violation of Title 21, United States Code, Sections 841, 846, 952 and 963, and Title 18, United States Code, Sections 924(c), 924(j) and 1951 (the "SUBJECT OFFENSES"), as well as the identification of individuals who are engaged in the commission of these offenses.

5.     For the reasons set out in this affidavit, there is probable cause to believe that the SUBJECT OFFENSES have been committed, are being committed, and will continue to be committed by Khaa Mckenzie ("McKenzie"), FNU LNU, also known as "Christian John," "Bruce Christian," "Kevin Johnson," "Devon C. Johnson,"

3

"John Christian," "Christian R. Bruce," and "John-Rock Christian" ("Christian"), and others unknown (the "SUBJECTS"). Further, there is probable cause to believe that the SUBJECTS are using the SUBJECT VEHICLE to commit the SUBJECT OFFENSES.

6.    As discussed in more detail below, based on information obtained from a cooperating source ("CS"), who has proven to be reliable in the past and whose information has been corroborated by independent Evidence, Mckenzie and Christian, along with Christian's girlfriend, Shanda V. Johsnon ("Johnson") recently purchased the SUBJECT VEHICLE.

7.    The investigation, through, among other things, the use of consensually recorded calls and recorded meetings with CS, has revealed, among other things, that the SUBJECTS are engaged in narcotics trafficking and Hobbs Act robberies.

a.    MCKENZIE was identified as a member of a narcotics conspiracy that is being investigated in the Middle District of Pennsylvania. During the course of that investigation, the FBI received information about the organization from a cooperating source ("CS"), who has proven to be reliable in the past and whose information has been corroborated by independent evidence. CS was initially involved in this narcotics conspiracy, but has been cooperating with the FBI since March 2011. In February 2011, when CS was still a co-conspirator, McKenzie provided CS with an address in New York

4

where cocaine shipped from Colombia could be received before being transported to Pennsylvania. The narcotics shipped to that address was intercepted en route by law enforcement. Three members of this narcotics conspiracy were eventually indicted in the Middle District of Pennsylvania. McKenzie has not yet been charged.

b.    CS will likely be charged for his role in the conspiracy, and is cooperating with authorities in the hopes of obtaining a lesser sentence. CS has a criminal record, including convictions for both violent acts and fraud. CS knew McKenzie from his involvement in the conspiracy and provided information about him, among other people. For example, as set forth above, CS provided information about a package of cocaine that had been shipped to McKenzie's residence by Federal Express. Based on that information, law enforcement was able to intercept the package.

c.    On April 6, 2011, two men were found bound in duct tape with their hands tied behind their backs, gagged and shot to death in the basement of a home in the Bedford-Stuyvesant section of Brooklyn.

d.    On April 12, 2011, at the direction of FBI agents, CS contacted McKenzie on a cell phone to set up a meeting in order to speak about the cocaine that was recently supposed to be shipped to McKenzie but was seized (discussed above), and to

5

arrange for a purchase of marijuana.  Thereafter, on that same day, CS along with another cooperating source met with McKenzie, and this meeting was recorded.

      d.   During the April 12, 2011 meeting, McKenzie told CS that he and two others had killed two men and robbed them of marijuana and drug proceeds.  McKenzie provided details of the murder, and told CS that he had tortured the victims until they provided the address of a drug stash house.  McKenzie further told the CS that he subsequently drove to the other stash house, but that he was unsuccessful in obtaining addition narcotics.  McKenzie also mentioned that he needs to make additional money.

      e.   At the direction of FBI agents, on April 13, 2011, CS contacted McKenzie by telephone regarding a purchase of marijuana.  During that telephone conversation, McKenzie told the CS that the day prior, he and another individual, who I have determined to be Christian, purchased a Range Rover Land Rover vehicle matching the description of the SUBJECT VEHICLE.[1]  In a prior conversation, McKenzie had told the CS that he had to contact his "man" regarding the price of the marijuana, who the CS determined was the same individual (Christian) with whom McKenzie purchased the SUBJECT VEHICLE.

_____

     [1]   As explained more fully below, there is corroborating information demonstrating that the SUBJECT VEHICLE is being used by the SUBJECTS for the purpose of distributing narcotics.

f.    I, along with other agents, conducted surveillance at the address that is associated with Christian and his girlfriend, Johnson (the "Residence").  The SUBJECT VEHICLE was parked outside the Residence, and a check of the SUBJECT VEHICLE's registration reveals that it was purchased on April 12, 2011 and is registered to Shanda V. Johnson.  This corroborates the information received through the CS's conversation with McKenzie.  Since April 21, 2011, agents have been unable to find the location of the SUBJECT VEHICLE, but given that the SUBJECT VEHICLE was seen outside the Residence where both Christian and his girlfriend Johnson reside, I believe that the SUBJECT VEHICLE will be parked at that Residence or in the area within the next 14 days.

g.    Based on the fact that the CS is attempting to meet with McKenzie to purchase marijuana and because McKenzie also told the CS that he needed to make additional money, I believe that McKenzie is planning to commit more narcotics related crimes, including robberies.  Based on my training and experience, I know that drug dealers use vehicles as a means to transport narcotics and narcotics proceeds.  Thus, based on my training and experience and the investigation that has been conducted thus far, I believe that the SUBJECTS are using the SUBJECT VEHICLE to transport narcotics and narcotics proceeds. In addition, tracking the SUBJECT VEHICLE will also lead to

7

information about the two murders, since the third individual who was involved the April 6, 2011 robbery and murders  has yet to be identified.

        8.   Based on the foregoing, there is probable cause to believe that the SUBJECT VEHICLE is being used by the SUBJECTS and that the REQUESTED INFORMATION will lead to evidence regarding the activities described above.  The REQUESTED INFORMATION is necessary to assist law enforcement agents in conducting surveillance; identifying co-conspirators; determining the location of possible stash houses; and ultimately effecting an arrest warrant.

## GPS DATA

        9.   I have confirmed with FBI technicians, that the GPS mobile tracking devices may be installed within the SUBJECT VEHICLE, and the device, once installed and rendered operable, will generate a signal that fixes the geographic position of the SUBJECT VEHICLE.  The signals are then read by a satellite that transmits the location information in a form that an FBI computer program is able to calculate and project upon a map.

## GROUNDS FOR DELAYING NOTICE

10.   Pursuant to 18 U.S.C. § 3103a and 18 U.S.C. § 2705(a)(2), and to the extent applicable, the government seeks authorization to delay notification to the registered owner of the SUBJECT VEHICLE until 30 days from the date on which the order proposed herein expires.   The grounds for this request are as follows: the investigation of the SUBJECTS is in its early stages and is expected to continue for several months. Disclosure of the warrant at this time would cause premature termination of the investigation into the SUBJECTS and their organization, and would cause members of the organization to cease using their vehicles and to potentially flee.

## AUTHORIZATION REQUESTED

11.   Based on the foregoing, your affiant believes that the REQUESTED INFORMATION will lead to evidence of the SUBJECTS' criminal activities to include the transportation or distribution of narcotics and narcotics related proceeds and robberies, as well as to the identification of individuals who are engaged in the commission of those and related crimes.   The REQUESTED INFORMATION is necessary in order to determine the exact location of the SUBJECT VEHICLE so that law enforcement agents can: (a) monitor the movements of the SUBJECT VEHICLE when it moves about, and/or departs the Eastern District of New York; (b) track the SUBJECT VEHICLES's travel without the need for close proximity

9

vehicle surveillance; and (c) identify locations where the SUBJECT VEHICLE is taken to be loaded with narcotics and/or narcotics proceeds, as well as to identify the final locations where narcotics or narcotics proceeds are delivered. This will allow law enforcement agents to observe and potentially arrest those individuals, including The SUBJECTS and others who will use the SUBJECT VEHICLE to commit the TARGET OFFENSES.

12. WHEREFORE, pursuant to Federal Rule of Criminal Procedure 41(b), Title 18, United States Code, Section 3117, and Title 28, United States Code, Section 1651, it is requested that the Court issue a warrant and Order authorizing the installation and use of one GPS mobile tracking devices in or on the SUBJECT VEHICLE by trained FBI technicians or by an individual or individuals working under their direct supervision in order to monitor the movement of the SUBJECT VEHICLE for a period of forty-five (45) days.

13. IT IS FURTHER REQUESTED that the Court authorize technicians and agents with the FBI or their authorized representatives to monitor the signals from a GPS mobile tracking device installed within the SUBJECT VEHICLE for a period of forty-five (45) days following the issuance of the Court's Order, including signals produced inside private locations, and other places not open to the public or visual surveillance, and signals produced in the event that the SUBJECT VEHICLE leaves the Eastern

10

District of New York, but remains within the United States.

14.   IT IS FURTHER REQUESTED that the Court authorize technicians and agents with the FBI, or an individual or individuals operating under their direct supervision, to surreptitiously access the SUBJECT VEHICLE in the Eastern District of New York in order to install the GPS mobile tracking device and to repair, replace or remove the GPS mobile tracking device, including in the event the SUBJECT VEHICLE travels to private locations, other places not open to the public or visual surveillance, and in the event that the SUBJECT VEHICLE leaves the Eastern District of New York, but remains within the United States.

15.   IT IS FURTHER REQUESTED that this affidavit, as it reveals an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against fugitives, and better ensure the safety of agents and others, except that working copies should be made available to the United States Attorney's Office, the FBI, and any other law enforcement agency designated by the United States Attorney's Office, and that the Court require the return of this warrant – and any notification required under 18 U.S.C. § 3103a and 18 U.S.C. § 2705(a)(2) – to occur within 30 days after

the use of the tracking device has ended unless extended by the
Court for good cause shown.

_____
Special Agent Scott F. Byers

Sworn to before me this
2nd day of May 2011

_____
THE HON. JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

12

**United States District Court**

| | DISTRICT |
| --- | --- |
| | Eastern District of New York |

UNITED STATES OF AMERICA

v.

| DOCKET NO. | MAGISTRATE'S CASE NO. |
| --- | --- |
| 11-308 | |

To:     ANY AUTHORIZED FEDERAL AGENT

PREMISES KNOWN AND DESCRIBED AS
A DARK BLUE 2006 RANGE ROVER LAND
ROVER, VEHICLE IDENTIFICATION NUMBER
DVESALMF15426A207499, BEARING NEW YORK
LICENSE PLATE NUMBER FLW7474 AND
REGISTERED TO ~~MAJOR CHEVROLET~~
~~INCORPORATED, 43-40 NORTHERN BLVD., LONG~~
~~ISLAND CITY, NEW YORK~~ *Shanda V. Johnson,*
*919 Myrtle Avenue, Brooklyn, NY*

Affidavit having been made before me by the below-named affiant to install, use, monitor, repair, replace and remove a tracking device in the following vehicle (the "Premises"):

A DARK BLUE 2006 RANGE ROVER LAND ROVER, VEHICLE IDENTIFICATION NUMBER DVESALMF15426A207499, BEARING NEW YORK LICENSE PLATE NUMBER FLW7474 AND REGISTERED TO ~~MAJOR CHEVROLET INCORPORATED, 43-40 NORTHERN BLVD., LONG ISLAND CITY, NEW YORK~~ *Shanda V. Johnson, 919 Myrtle Avenue, Brooklyn, NY*

and as I am satisfied that there is probable cause for the continued use, monitoring, repair, replacement and removal of a tracking device in the Premises for a period of forty-five (45) days;

YOU ARE HEREBY COMMANDED (a) to acquire precise location data concerning the Premises named above for a period of forty-five (45) days starting within fourteen (14) calendar days of the date of this order, during any time of day; (b) to return this warrant to the U.S. Magistrate Judge on criminal duty in the Eastern District of New York within 30 days after the use of the tracking device has ended as required by law. Notice of the execution of this warrant otherwise required by Fed. R. Crim. P. 41 may be extended by the Court for good cause shown; and (c) pursuant to 18 U.S.C. §§ 2705(a)(2) and 3103(a) authorizing delayed notification, to serve notice within thirty (days) after the monitoring period authorized by the warrant has ended

| NAME OF AFFIANT | SIGNATURE OF JUDGE OR U.S. MAGISTRATE | DATE/TIME ISSUED |
| --- | --- | --- |
| Scott Beyers<br>Special Agent<br>Federal Bureau of Investigation | | May 2, 2011 _____ p.m.<br>5:34 pm |